IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MEYER, | ) | CASE NO. 1:10 CV 363 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| DEBT RECOVERY SOLUTIONS OF | ) | **MEMORANDUM OPINION** |
| OHIO, INC., *et al.*, | ) | **& ORDER** |
| | ) | |
| Defendants. | ) | |

## Introduction

Before me is a motion by defendant[1] Debt Recovery Solutions of Ohio for a judgment on the pleadings according to Federal Rules of Civil Procedure 12(c).[2] Plaintiff James Meyer has responded in opposition,[3] to which Debt Recovery has responded.[4] For the reasons that follow, Debt Recovery's motion will be denied.

## Facts

Because the current matter involves the question of what legal effect should here be given to state proceedings involving these two parties, I will first review the case as it was

---

[1] ECF # 24. Samaritan Regional Health System joined defendant Debt Recovery Solutions of Ohio's motion for judgment on the pleadings on June 1, 2010.

[2] ECF # 17 at 1.

[3] ECF # 26 at 1.

[4] ECF # 27 at 1.

adjudicated in Ohio courts, and then consider how the parties propose to apply that decision in this Court.

**A.    The Ohio proceedings**

In March 2007, Meyer incurred medical bills of $611.15 at Samaritan Regional Health System.[5] After payments and adjustments, by 2008 a balance of $360.55 remained on the account.[6] At an unspecified date during this period, Samaritan engaged Debt Recovery to collect the balance owed.[7]

On February 26, 2009, Samaritan through a collections attorney sued Meyer in Municipal Court in Ashland, Ohio, for the outstanding balance plus interest.[8] Within three weeks of the filing of this suit, Meyer sent a check for the principal amount due ($360.55) to Debt Recovery along with a letter disputing the remaining amount sought, and further mailed a copy of this correspondence to Samaritan's collections attorney.[9] Because Meyer believed this action was "a sufficient response" to the complaint, he did not file an answer to the complaint.[10]

---

[5] ECF # 17, Ex.G at 1.

[6] *Id.*

[7] ECF # 17 at 1.

[8] *Id.*

[9] ECF # 17, Ex. E, Affidavit of James Meyer at 2, ¶ 5.

[10] *Id.*

Less than two weeks later, Samaritan, through the same attorney, filed for default judgment, stating in an affidavit that Meyer owed Samaritan $360.15 plus interest and costs and that no payment on the debt had been received.[11]  As a result, on April 3, 2009, the Ashland Municipal Court issued a default judgment against Meyer for $360.55, plus interest of $63.60 and costs.[12]

The collections attorney thereupon notified Meyer that judgment had been entered against him for $510.40 – an amount representing the $360.55 bill, plus interest and costs.[13] A week later, the collections attorney filed an affidavit and order for garnishment of Meyer's bank account in the amount of $546.90.[14]  Yet another week later, on May 1, 2009, another affidavit of the current amount due on garnishment was filed by the collections attorney stating that Meyer's owed $185.60 – this amount now reflecting Meyers previous payment of the $360.55, plus interest and costs.[15]

The following week, Meyer, through retained counsel, moved for relief from the default judgment, arguing, as noted, that he paid the entire bill prior to entry of the default judgment.[16]  However, Meyer also contended that he should be allowed to show that

---

[11] ECF # 17 at 1.

[12] ECF # 17, Ex. A.

[13] ECF # 17, Ex. B.

[14] ECF # 17, Ex. C.

[15] ECF # 17, Ex. D.

[16] ECF # 17, Ex. F at 2-3.

Samaritan – the plaintiff in the original state court collections matter – was not the real party in interest.[17] In particular, Meyer asked for the opportunity to conduct discovery on the issue of whether "Samaritan provided some form of assignment of the account in favor of Debt Recovery Solutions."[18]

Samaritan filed a brief in opposition,[19] focusing exclusively on the assertion that the original default judgment was valid inasmuch as Meyer admittedly did not file an answer.[20] Samaritan's filing did not directly address the issue of whether there had been an assignment of the debt to Debt Recovery, but did note that: (1) there was no proof of an assignment of the debt to Debt Recovery, and (2) Meyer had "paid money on the original debt (but not the court costs and interest) to Samaritan Hospital."[21]

The Ashland Municipal Court thereupon denied Meyer's motion for relief from the default judgment.[22] The court found that Meyer admitted owing the debt and "presented no evidence supporting his claim that an assignment of that debt had occurred."[23] In fact, the court specifically noted that Samaritan presented evidence that Debt Recovery was merely

---

[17] *Id*. at 2.

[18] *Id*.

[19] ECF # 17, Ex. G.

[20] *See*, *id.* at 1-2.

[21] *Id*. at 2.

[22] ECF # 17, Ex. H.

[23] *Id*. at 1.

-4-

retained as an agent to collect the debt and that "no assignment of [Meyer's] debt [by Samaritan] had ever been made to Debt Recovery, or to anyone else."[24]

The court then addressed whether Meyer could obtain relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure.[25] The rule requires that the movant demonstrate two things: (1) that there is a meritorious defense to the judgment and (2) that the party is entitled to relief under the provisions of the rule.[26]

In that regard, the court found first that Meyer had been properly served with the complaint and failed to timely file an answer.[27] Because Meyer presented no evidence at the hearing to show why this neglect was excusable, the court concluded that he failed to meet the "entitlement to relief" prong of the two-part test.[28] Further, the state court found that Meyer had no meritorious defense to the underlying action, since he alleged "no facts upon which the court could reasonably find [an assignment took place and] that [Samaritan] is anything but the proper party to bring this action."[29]

---

[24] *Id.*

[25] *Id.* at 2.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

Accordingly, the court determined that Meyer be "credited for all payments made to date toward satisfaction of the [default] judgment previously entered" and that Meyer's motion for relief from that judgment be denied.[30]

**B.     The current case**

In March 2007, Meyer incurred medical expenses from Samaritan Regional Health Systems, which Meyer paid in part.[31] During 2008 and 2009 Debt Recovery attempted to collect the balance from Meyer for Samaritan. A collection lawsuit was filed against Meyer in Municipal Court of Ashland County, Ohio.

According to Meyer, before he received notice of the collection lawsuit, he spoke with a representative at Samaritan who told him that the account belonged to Debt Recovery and that Samaritan was unable to accept any payments.[32] After receiving notice of the collection lawsuit, Meyer spoke with a representative from Debt Recovery, who informed him that if he paid the entire principle balance Debt Recovery would waive interest.[33] Additionally, the representative informed Meyer that there could be some additional court costs and attorney's fees but that Debt Recovery would "gladly" accept the principle balance of $360.55.[34]

---

[30] *Id*.

[31] ECF # 1 at 3.

[32] ECF # 17-7 at 6.

[33] *Id*.

[34] *Id*.

-6-

On March 19, 2009, Meyer mailed a check for the principle balance ($360.55) to Debt Recovery with a letter disputing the remaining balance and mailed a copy of the letter to the collection attorney.[35] On March 31, 2009, a motion for default judgment was filed against Meyer accompanied by a supporting affidavit by the collection attorney stating with personal knowledge that Meyer owed Samaritan $360.55 plus interest and court costs, no payments had been made, and no credits were applied reducing the principle amount. Default judgment[36] was granted for the principle balance plus interest and court costs. The collection attorney signed a notice of court proceeding[37] to collect debt for $510.40. Eleven days later an affidavit of current balance due on garnishment[38] was filed for $185.60, which credited Meyer with the $360.55 paid; however, Meyer was deprived the use of his money for those eleven days.

Meyer, now represented by counsel,[39] filed a motion for relief from judgment[40] arguing that Samaritan lacked standing and was not the true party in interest.[41] Meyer argued that, because Samaritan's representative directed any payment toward Debt Recovery and

---

[35] *Id.*

[36] ECF # 17-2 at 1.

[37] ECF # 17-3 at 1 (the notice of court proceeding to collect debt was filed on April 20, 2009).

[38] ECF # 17-5 at 1 (the affidavit of current balance due on attachment/garnishment of property was filed on May 1, 2009).

[39] ECF # 17-6.

[40] ECF # 17-7.

[41] *Id.* at 2.

-7-

not Samaritan, he had reason to believe that Samaritan had assigned the account to Debt Recovery.[42] Samaritan answered in opposition[43] and argued that Meyer did not present a meritorious defense and lacked any evidence that Samaritan assigned his debt to Debt Recovery.[44]

On September 15, 2009, the Ashland Municipal Court entered judgment[45] against Meyer and determined that he did not have a meritorious defense and denied his motion for relief from judgment; however, the court did credit Meyer for all payments made to date and toward the satisfaction of the judgment previously entered.[46]

The complaint in this matter challenges Debt Recovery's practices in collecting Meyer's debt (the issue in the state court proceeding) to Samaritan for the medical services provided on or about March 16, 2007.[47] Meyer has raised four causes of action against Debt Recovery:

1. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"),[48]

---

[42] *Id.*

[43] ECF # 17-8.

[44] *Id.* at 2.

[45] ECF # 17-9.

[46] *Id.* at 2.

[47] ECF # 17-8 at 1.

[48] ECF # 1 at 6.

2.      Conversion,[49]

3.      Falsification violating Ohio Revised Code § 2921.13,[50] and

4.      Violation of the Consumer Sales Practices Act, Ohio Revised Code § 1345.01, et seq.[51]

In the present motion, Debt Recovery argues that Meyer has failed to state any claim upon which relief can be granted.[52] Debt Recovery argues that Meyer's claims are barred by the jurisdictional rule of the *Rooker-Feldman*[53] doctrine and the preclusion doctrine of *res judicata*.[54]

## Analysis

**A.    Standard of review – judgment on the pleadings**

The Sixth Circuit recently restated the standard for adjudicating a motion for judgment on the pleadings as follows:

> A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure may be granted when the moving party "is entitled to a judgment as a matter of law." When deciding such a motion, the district court

---

[49] *Id*.

[50] *Id*. at 7.

[51] *Id*.

[52] ECF # 17-1 at 3.

[53] The *Rooker-Feldman* doctrine is based on two Supreme Court of the United States cases interpreting 28 U.S.C. § 1257(a). *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[54] ECF # 17-1 at 4-10.

must take all the "well-pleaded material allegations of the pleadings of the opposing party as true."[55]

Moreover, while the district court considering the defendant's motion for judgment on the pleadings must construe the allegations of the complaint in the light most favorable to the plaintiff and accept the allegations as true, the court is under no obligation to accept as true the plaintiff's legal conclusions nor to make unwarranted factual inferences.[56]

**B.     Defendant's claims**

*1.     Rooker-Feldman*

The *Rooker-Feldman* doctrine does not apply in cases where the plaintiff asserts an independent claim. In *McCormick v. Braverman*,[57] the Sixth Circuit adopted a "source of the injury" analysis, whereby the critical inquiry is the source of the injury the plaintiff is alleging in his federal complaint. "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim."[58] For example, in *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*,

---

[55] *Cincinnati Ins. Co. v. Beazer Homes Invs.*, 594 F.3d 441, 444 (6th Cir. 2010), quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citation omitted).

[56] *Crist v. Pugin*, Case No. 3:08-cv-501, 2008 WL 2571229, at *1 (N.D. Ohio June 25, 2008) (citation omitted).

[57] *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006).

[58] *Id.* at 393.

the Sixth Circuit determined a FDCPA claim based on plaintiff's injury from defendant's false affidavit, not the state court judgment, was not barred by *Rooker-Feldman*.[59]

A debt collection practice claim is separate and distinct from a claim pertaining to the validity of the underlying debt. In *Foster v. D.B.S. Collection Agency*, the court distinguished debt collection practices from the underlying debt creating two separate and distinct claims, which do not arise out of the same transaction or occurrence.[60] Because the plaintiffs challenged the manner of collection rather than the underlying debt, the court concluded that "this matter arises out of a different set of operative facts than did the underlying state court cases."[61]

The *Rooker-Feldman* doctrine does not apply here because Meyer is asserting an independent claim asking this Court to review Debt Recovery's collection practices. The source of Meyer's alleged injury is the debt collection practices used by Debt Recovery and not the state court judgment regarding the validity of the debt. Applying *McCormick's*[62] source of the injury inquiry, I conclude that the source of Meyer's injury is not the state court judgment, the challenge to which *Rooker-Feldman* would bar, but rather Debt Recovery's conduct in collection on the debt. *Rooker-Feldman* does not bar Meyer's complaint in this case against Debt Recovery.

---

[59] *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir. 2006).

[60] *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 797 (S.D. Ohio 2006).

[61] *Id.*, *see also*, *id.* at 798 (applying the court's reasoning to the *Rooker-Feldman* doctrine).

[62] *McCormick*, 451 F.3d at 393.

## *2.     Res judicata*

*Res judicata* includes two related concepts:  issue preclusion and claim preclusion (also referred to as issue estoppel and collateral estoppel).  Issue preclusion refers to a judgment's effect of foreclosing relitigation of an issue actually decided; claim preclusion refers to a judgment's bar of litigation of a claim that should have been advanced in the case giving rise to that judgment.

Issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to judgment.[63] For a party to support a claim of issue preclusion, he must prove that:  (1) the precise issue in the current proceeding has been raised in a prior proceeding; (2) the issue was actually litigated; and (3) the prior court's determination on that issue was necessary to the outcome.[64] Absent all of these elements, issue preclusion does not attach.

Under Ohio law,[65] claim preclusion has four elements:  (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have

---

[63] *Foster*, 463 F. Supp. 2d at 796 (citing Restatement (Second) of Judgments § 27 (1982)).

[64] *Id*. (citing *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981)).

[65] *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) ("In determining what preclusive effect to give a state court judgment, a federal court must look to the state court's preclusion rules.").

been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.[66]

Issue preclusion does not bar Meyer's claims in federal court. First, the precise issue litigated in state court was the validity of the debt against Meyer and not the manner in which the debt was collected. Meyer here alleges that Debt Recovery violated various laws while collecting his debt to Samaritan and not his liability on the debt to Samaritan for medical services. Second, the state court's judgment did not address Debt Recovery's debt collection practices. The state court only addressed the amount garnished from Meyer's account and *not* the debt collection practices used by Debt Recovery to garnish Meyer's account.

Claim preclusion does not bar Meyer's claim here either. This case does not involve the same parties as the state court action or their privies. The scope of Debt Recovery's agency relationship with Samaritan would not have included violation of federal and state laws and, therefore, privity does not protect Debt Recovery from Meyer's claim. Second, the claims at issue here were not, and could not have been, litigated in state court. Debt Recovery was not a party in the state court proceeding. Meyer attempted to assert a real party in interest defense by way of its Ohio Civil Rule 60(B) motion. Had it succeeded, Debt Recovery could have been substituted as a party defendant under Ohio Civil Rule 17(A), and Meyer could have asserted his collection practices claims against Debt Recover in the state case. The state court denied the motion, however, ruling that the real party in interest defense lacked merit. That ruling prevented Meyer from litigating any claims against Debt Recovery

---

[66] *Id.*

-13-

in the prior action.  Finally, courts have determined that an action challenging debt collection practices arises from a different transaction or occurrence than an action regarding the validity of the debt.[67]

In the absence of issues or claim preclusion, *res judicata* does not bar Meyer's claims in this case against Debt Recovery.[68]

## Conclusion

For the foregoing reasons, Debt Recovery's and Samaritan's motions for judgment on the pleadings are denied.

IT IS SO ORDERED.

Dated:   September 2, 2010                                s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[67] *E.g.*, *Foster*, 463 F. Supp. 2d at 797-98.

[68] Because Samaritan's only liability on Meyer's claims against Debt Recovery would be a derivative of Debt Recovery's liability, I need not decide at this time if Meyer could have counterclaimed against Samaritan in state court regarding such derivative liability.